UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>    Defendant. | Case No. 4:23-cv-01131 |

**COMPLAINT**

**NOW COMES** RADLEY BRADFORD ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of WESTERN DENTAL SERVICES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

**JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction as the FCRA is a federal statute.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391b(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

1

## PARTIES

5.      Plaintiff is a natural person who at all times relevant resided in Houston, Texas.

6.      Defendant is a dental health service provider that maintains offices in several states in the United States, including Texas.

7.      Defendant maintains its principal place of business in Orange, California.

8.      Defendant regularly furnishes consumer credit information to the major credit reporting agencies.

## FACTUAL ALLEGATIONS

9.      On December 29, 2022, Plaintiff obtained dental services from Brident Dental Associates PC ("Brident"), a dental office in Houston, Texas.[1]

10.     The dental services Plaintiff obtained were fully covered by Aetna Dental, Plaintiff's dental insurance carrier.

11.     Shortly after Plaintiff's visit to Brident, Plaintiff discovered that Defendant accessed his Trans Union and LexisNexis credit reports on December 29, 2022.

12.     Specifically, Plaintiff's Trans Union and LexisNexis credit reports stated that Defendant performed hard inquiries on Plaintiff's credit reports on December 29, 2022.

13.     The credit reports further stated that the hard inquiries were in connection with a "credit application."

14.     At no point in time did Plaintiff submit a credit application to Brident or Defendant.

---

[1] Brident is Defendant's "affiliate." https://www.westerndental.com/en-us/about-us/news-room-videos/brident-dental-enters-into-first-of-its-kind,-value-based-contract-in-texas

15. At no point in time did Plaintiff authorize Brident or Defendant to access his TransUnion and LexisNexis credit reports.

16. Defendant willfully accessed Plaintiff's Trans Union and LexisNexis credit reports without Plaintiff's authorization.

17. Defendant willfully accessed Plaintiff's Trans Union and LexisNexis credit reports without a permissible purpose prescribed by the FCRA.

18. Upon information and belief, Defendant misrepresented to TransUnion and LexisNexis that Plaintiff submitted a credit application to Brident and/or Defendant

19. Defendant obtained sensitive and personal information concerning Plaintiff without Plaintiff's authorization and under false pretenses.

20. In an effort to compel Defendant to remove the unauthorized hard inquiries, Plaintiff submitted complaints against Defendant to the Consumer Protection Financial Bureau ("CFPB") and the Better Business Bureau ("BBB").

21. Despite receiving Plaintiff's complaints to the CFPB and BBB, Defendant refused to remove the hard inquiries from Plaintiff's credit reports.

## **DAMAGES**

22. Defendant's unauthorized conduct resulted in significant harm to Plaintiff.

23. Specifically, Defendant's credit inquiries are considered "hard inquiries," which adversely impact a consumer's credit score.

24. Due to Defendant's unauthorized hard inquiries, Plaintiff's credit score decreased.

25. Defendant's conduct caused Plaintiff anxiety, emotional distress, mental anguish, and a reduced credit score.

26. Moreover, Defendant's unauthorized access of Plaintiff's credit information was highly intrusive and invaded Plaintiff's privacy.

27. Concerned with the long-term impact of Defendant's hard inquires and the invasion of his privacy, Plaintiff retained counsel to enforce his privacy rights and compel Defendant to remove the hard inquiries form Plaintiff's credit reports.

## CLASS ALLEGATIONS

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers are applying for dental care financing from Defendant.

30. Upon information and belief, Defendant utilizes the information it receives from the consumers' credit reports to facilitate the collection of past due bills.

31. However, as set forth above, the dental services obtained by Plaintiff were fully covered and paid for by Plaintiff's dental insurance.

32. Upon information and belief, Defendant blindly accesses consumers' credit reports without first checking if the consumers have an outstanding debt owed to Defendant.

33. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class") defined as follows:

> All individuals within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from LexisNexis and/or Trans Union; (4) at a time in which the individuals (a) did not have an outstanding debt owed to Defendant and (b) did not have a credit application to Defendant pending.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

36. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impartible.

37. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

38. The members of the Putative Class are ascertainable because the class is defined by referee to objective criteria.

39. The members of the Punitive Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

40. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

5

41. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

42. Plaintiff's claims are typical of members of the putative class because Plaintiff and members of the Putative class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

43. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45. By contrast, a class action provides benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46. Economies of effort, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

47. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48. Plaintiff has no interest antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff

49. Plaintiff have retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1681b(f)
### (On behalf of Plaintiff and the Members of the Putative Class)

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as through fully set forth herein.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b)

52. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

53. Defendant is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

54. Defendant is a "financial institution" as defined by 15 U.S.C. § 1681a(t).

55. Plaintiff's TransUnion and LexisNexis credit reports that Defendant accessed without authorization are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

56. Defendant violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's TransUnion and LexisNexis credit reports without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

57. As stated above, Defendant accessed Plaintiff's credit reports at a time Plaintiff (1) did not owe a debt to Defendant; (2) did not have a credit application pending.

58. Defendant willfully and maliciously violated 15 U.S.C. §1681b(f) when it accessed Plaintiff's credit reports without a permissible purpose under the FCRA.

59. In the alternative, Defendant negligently violated 15 U.S.C. §1681b(f) by accessing Plaintiff's credit reports without a permissible purpose under the FCRA.

60. As described above, Plaintiff was harmed by Defendant's conduct.

61. Upon information and belief, Defendant knowingly and systematically obtains consumers' credit reports without a permissible purpose prescribed by the FCRA.

7

62. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumers' credit reports.

63. Due to Defendant's unlawful conduct, Plaintiff and the putative class are entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned counsel as Class Counsel;

b. An order declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

c. An order enjoining Defendant from accessing consumers' credit reports without a permissible purpose;

d. An award of actual damages to Plaintiff and the putative class members to be determined by the jury;

e. An award of $1,000 in statutory damages to Plaintiff and the putative class members;

f. An award of punitive damages to Plaintiff and the putative class members in an amount to be determined by the jury; and

g. An award of attorney's fees and costs.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 28, 2023                                          Respectfully submitted,

**RADLEY BRADFORD**

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*